IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTIN E. MURRELL, Personal                    Civil No. 06-97-AA
Representative of the Estate of                    OPINION AND ORDER
ELFRIEDE MARIA MURRELL, deceased,

      Plaintiff,

   vs.

UNION PACIFIC RAILROAD COMPANY,
NATIONAL PASSENGER RAILROAD
CORPORATION dba AMTRAK, GEORGE
M. LANDROCK, CRAIG E. BILLINGS,
JOHN DOE ONE, OREGON DEPARTMENT
OF TRANSPORTATION, an agency of
the STATE OF OREGON, and CITY
OF SALEM,

      Defendants.
_____

J. Randolph Pickett
R. Brendan Dummigan
Pickett Dummigan Aguilar LLP
621 SW Morrison Street, Suite 900
POrtland, Oregon 97205-3823
    Attorneys for plaintiff

Hardy Myers
Attorney General
James S. Smith

Page 1 - OPINION AND ORDER

Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
     Attorneys for defendant Oregon
     Department of Transportation (ODOT)

AIKEN, Judge:

     Defendant ODOT filed a motion to dismiss based on Eleventh
Amendment immunity.  Defendant's motion is granted and defendant
is dismissed from this lawsuit.

BACKGROUND

     Briefly, on June 28, 2004, Elfriede Maria Murrell,
plaintiff's decedent, was walking on the sidewalk in Salem,
Oregon.  When she crossed the railroad tracks she was struck and
killed by an AMTRAK train.

     On December 15, 2005, plaintiff filed a complaint in Marion
County Circuit Court alleging wrongful death and negligence
against defendants.  On January 23, 2006, defendants removed the
case to this court citing 28 U.S.C. §§ 1331, 1349 and 1441.  On
June 20, 2006, plaintiff filed a First Amended Complaint, and
added ODOT as a party defendant.

STANDARDS

     Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated
adequately, it may be supported by "showing any set of facts
consistent with the allegations in the complaint." Bell Atlantic
Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007).  See
also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir.

Page 2 - OPINION AND ORDER

1984), <u>cert</u>. <u>denied</u>, 470 U.S. 1052 (1985).  For the purpose of
the motion to dismiss, the complaint is liberally construed in
favor of the plaintiffs, and its allegations are taken as true.
<u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983).

DISCUSSION

The Supreme Court held that the Eleventh Amendment to the
Constitution prohibits suits against a state or state agency in
federal court.  <u>Seminole Tribe v. Florida</u>, 517 U.S. 44 (1996).
Under the Eleventh Amendment, a state is immune from suit by
private parties in federal court unless there has been an express
waiver of immunity by the state, or Congress has abrogated state
immunity.  <u>Id.</u> at 64-68.  Moreover, the Eleventh Amendment
immunity covers the state, state agencies and state officials
acting in their official capacities.  <u>Will v. Department of State
Police</u>, 491 U.S. 58 (1989).

Here, plaintiff has named ODOT and the State of Oregon as
defendants.  I find that ODOT and the State are immune under the
Eleventh Amendment.  Further, I find there was been no waiver of
that immunity by the State.  <u>Edelman v. Jones</u>, 415 U.S. 651, 673
(1974)("we will find waiver only where stated by the most express
language or by such overwhelming implications from the test as
[will] leave no room for any other reasonable construction.").
Finally, pursuant to the Oregon Tort Claims Act, the State is the
only proper defendant in a tort claim against any officers,

Page 3 - OPINION AND ORDER

employees or agents of the State acting within the course and scope of their employment. See Or. Rev. Stat. 30.265. Therefore, Eleventh Amendment immunity extends to the State defendants named.

Plaintiff does not disagree that ODOT is entitled to Eleventh Amendment immunity and therefore this court lacks subject matter jurisdiction over it. Instead plaintiff contends that pursuant to 28 U.S.C. § 1447(c), the court should remand plaintiff's claims against ODOT to state court for further proceedings. I disagree. There is no dispute that ODOT was not named as a defendant when plaintiff initially filed this case in state court. ODOT did not file removal papers, nor did ODOT consent to removal. Plaintiff added ODOT as a defendant when plaintiff amended its complaint after removal to this court. Section 1447(c) reads: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." I find that § 1447(c) does not apply because the case removed from state court did not include ODOT as a defendant. Therefore upon a finding that this court lacks subject matter jurisdiction over ODOT, the proper remedy is dismissal of ODOT from this action.

<u>CONCLUSION</u>

Defendant ODOT's motion to dismiss (doc. 28) is granted and defendant is dismissed from this lawsuit. Further, defendant's

Page 4 - OPINION AND ORDER

request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

      Dated this  _18_  day of November 2007.


                     _____/s/ Ann Aiken_____
                              Ann Aiken
                  United States District Judge